UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| ALAN JOSUE RUIZ, | ) |
|                 Plaintiff, | ) |
| vs. | ) No. 4:16-cv-00204-TWP-DML |
| B. DOOLEY Nurse/Officer, | ) |
| SMITH Sgt., | ) |
| PRICE Sgt., | ) |
| JAY THOMAS Corporal, | ) |
| BROWN Officer, | ) |
| WIMBERLEY, | ) |
| GILTNER, | ) |
|                 Defendants. | ) |

**Entry Screening Complaint,
Severing Misjoined Claims, and Directing Further Proceedings**

**I. Screening of the Complaint**

The plaintiff's motion to proceed *in forma pauperis* [dkt 2] is **granted**.

The plaintiff is a prisoner currently incarcerated at the Clark County Jail. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. The Claims that Will Proceed

Given the foregoing, the following claims **shall proceed**: The claim that defendant Officer B. Dooley assaulted him **shall proceed** as a claim that this defendant exercised excessive force against him; The claim the plaintiff requested help from defendants Officers Wimberly and Giltner and they denied his request **shall proceed** as a claim that these defendants exhibited deliberate indifference to his serious medical needs.

## III. Misjoined Claims

Rule 18(a) of the *Federal Rules of Civil Procedure* provides that "[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits. . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Joinder of the defendants into one action is proper only "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). In short, the courts do not allow an inmate to treat a single federal complaint as a sort of general list of grievances.

The complaint does not set forth any claim or claims that properly join all of the defendants. This deficiency must be corrected before this action can proceed.

Accordingly, claims discussed in Part II of this Entry shall proceed as discussed. The other claims asserted in the complaint are misjoined. In such a situation, "[t]he court may . . . sever any claim against a party." FED. R. CIV. P. 21. The Court of Appeals has instructed that generally, if a district court finds that a plaintiff has misjoined parties, the Court should sever those parties or claims, allowing those grievances to continue in spin-off actions, rather than dismiss them. *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). Here, the claim that Sergeant Smith seized the plaintiff's mail and the claims that defendants Corporal Thomas, Officer Brown, and Sergeant Price assaulted the plaintiff on occasions separate from the assault discussed in Section II of this Entry are misjoined.

Instead of *sua sponte* severing the remaining claims into new civil actions, the plaintiff shall have the opportunity to determine whether the misjoined claims identified above shall be severed into new actions or dismissed without prejudice. *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005) (noting that the composition and content of the complaint are entirely the responsibility of the plaintiff, for "even *pro se* litigants are masters of their own complaints and may choose who to sue-or not to sue"). If new actions are opened, the plaintiff will be responsible for a filing fee for each new case and the screening requirement of 28 U.S.C. § 1915A(b) will be triggered for each new case.

The plaintiff shall have **through December 19, 2016,** in which to **notify the Court** whether he wishes the Court to sever any claim(s) into new actions, and if so, he shall identify which claims against which defendants. If the plaintiff fails to so notify the Court, the misjoined claims will be considered abandoned and will be dismissed without prejudice.

## IV. Further Proceedings

The clerk is **designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants officers Dooley, Wimberly, and Giltner in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the complaint, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 11/18/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ALAN JOSUE RUIZ
7270
CLARK COUNTY JAIL
Inmate Mail/Parcels
501 East Court Avenue
Jeffersonville, IN 47130

Officer B. Dooley
Wimberly
Giltner
CLARK COUNTY JAIL
501 East Court Avenue
Jeffersonville, IN 47130