UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| ALAN JOSUE RUIZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-cv-00204-TWP-DML |
| | ) | |
| B. DOOLEY, WIMBERLEY, and GOLTNER | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Denying Motion for Summary Judgment**

This matter is before the Court on a Motion for Summary Judgment filed by Defendants B. Dooley, Wimberly and Goltner (collectively, the "Defendants"). Plaintiff Alan Josue Ruiz ("Ruiz"), a former inmate of the Clark County Jail, filed this 42 U.S.C. § 1983 action on November 16, 2016, against jail Officers Dooley, Wimberley, and Giltner alleging that while he was incarcerated in the jail, Officer Dooley assaulted him, and when he asked for medical help Officers Wimberley and Giltner refused to assist him. Ruiz's claim of excessive force was allowed to proceed against Dooley, and his claim of deliberate indifference to his serious medical needs was allowed to proceed against Wimberley and Giltner. While Dooley has admitted that Ruiz exhausted his administrative remedies against him, Wimberley and Giltner have moved for summary judgment on the ground that Ruiz failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA). *See* 42 U.S.C. § 1997e(a). Ruiz has responded in opposition to summary judgment.

**Summary Judgment Standard**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ.*

*P.* 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying" designated evidence which "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the moving party has met its burden, the non-movant may not rest upon mere allegations. Instead, "[t]o successfully oppose a motion for summary judgment, the nonmoving party must come forward with specific facts demonstrating that there is a genuine issue for trial." *Trask–Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 677 (7th Cir. 2008). "The non-movant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

**Discussion**

A. *Undisputed Facts*

Ruiz was an inmate in the Clark County, Indiana, Jail on September 22, 2016, when the circumstances giving rise to this lawsuit occurred. Captain Retha Boley ("Captain Boley") is a Clark County Jail employee with knowledge of the jail's grievance system. According to Captain Boley, the jail follows a grievance procedure outlined in the Clark County Jail's Rules and Regulations Number 13.3.

Jail inmates are orally advised of the grievance procedure and system upon their admission to the jail. There does not appear to be a time limit for making a grievance after being aggrieved. Grievances are first made orally to a pod officer, and then the inmate may request a grievance form through the jail's TIGER system. Captain Boley receives the requests daily and causes a grievance form to be delivered to the inmate. The completed forms are collected daily, and Captain Boley

addresses them within ten days. Appeals from Captain Boley's decisions may be taken to the jail commander, who resolves the appeal within twenty days. The jail commander keeps records of grievances for three years.

Captain Boley submitted the jail grievance records for the period when Ruiz was incarcerated, which includes grievances filed on and after September 22, 2016. The records reflect three grievances filed by Ruiz on September 22 and 23, 2016, and a few grievances filed later that complain about Dooley's actions on September 22. But these grievances and others never specifically mention officers or medical personnel declining or refusing to provide medical aid on September 22, 2016, or any other date.

In opposition to summary judgment, Ruiz provided hand-written versions of his grievances and contended he exhausted his administrative remedies. Ruiz's hand-written exhibits are versions of selected grievances provided in exhibit 3 to their motion for summary judgment by defendants Wimberley and Giltner.

B. *Analysis*

Officers Wimberley and Giltner argue that Ruiz failed to exhaust his available administrative remedies as required by the PLRA with respect to his claims against them.

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison or jail conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and

3

at the time, the prison's administrative rules require.'") (*quoting Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). The PLRA's exhaustion requirement is not subject to either waiver by a court or futility or inadequacy exceptions. *Booth v. Churner,* 532 U.S. 731, 741, n.6 (2001); *McCarthy v. Madigan,* 503 U.S. 140, 112 S. Ct. 1081 (1992) ("Where Congress specifically mandates, exhaustion is required.").

The level of detail necessary in a grievance will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Where the administrative policy is silent, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Strong v. David,* 297 F.3d 646, 650 (7th Cir. 2002); *see also Wilder v. Sutton*, 310 Fed. Appx. 10, 15, 2009 WL 330531, *4 (7th Cir. 2009) ("prisoners must only put responsible persons on notice about the conditions about which they are complaining"). An offender "need not lay out the facts, articulate legal theories, or demand particular relief" so long as the grievance objects "intelligibly to some asserted shortcoming." *Strong,* 297 F.3d at 650.

C. *Discussion*

Defendants Officers Wimberley and Giltner have presented evidence that Ruiz did not file any administrative grievances against *them*. Indeed, the evidence shows that Ruiz never filed a grievance against any particular jail employee for a failure to provide him medical assistance following the alleged assault on September 22, 2016.

Ruiz was a frequent user of the grievance system and availed himself of the system to complain about both medical and non-medical matters. He wrote to jail supervisors about the

4

alleged assault and a number of other matters. In his grievance of September 23, 2016, Ruiz writes about "officers who have violated [him] as [a] person." Dkt. 29-3, p. 34. Ruiz also writes that "he is being forced by several officers to be quiet . . . ." *Id.* He also wrote that the kiosks used to file grievances were not accepting new grievances or inquiries. Dkt. 29-3, p. 37. Ruiz specifically wrote that he was "asking the officers to help [him] . . . but they tell [him] they cannot do nothing for [him]." *Id.* This particular grievance was closed by defendant Dooley with this comment: "If you do not want help, do not write to medical. It is a waste of your time and mine. You have had an xray and nothing is wrong. You are REFUSING medical, which is your choice, but stop wasting time with your complaints." *Id.* (emphasis in original). Additionally, in one of Ruiz's grievances, he asks Dooley why Dooley assaulted him in front of Officer Wimberley. Dkt. 29-3, p. 46. Finally, for purposes of this discussion, Ruiz's October 17, 2016, grievance addressed to the Sheriff wrote that he had been assaulted, harassed, and threatened by Dooley and by other officers he could not specifically name but that he could clearly remember. Dkt. 29-3, p. 48.

The Clark County Jail grievance policy requires grievances to be specific regarding the complaint or problem. Dkt. 29-2, p. 2, part II.B. No other guidance is provided. Nothing in the policy requires the identification of the employee being grieved, or the level of detail necessary to invoke an inquiry into the complaint or problem.

Ruiz's grievances, although not specifically naming officers, adequately put the Clark County Jail and the Sheriff on notice that Ruiz had a problem with correctional officers assaulting him and not assisting him. Thus Ruiz did, in fact, grieve about the jail conditions of September 22, 2016, sufficiently to satisfy the requirements of the PLRA. *See Strong,* 297 F.3d at 650. The Court finds that Officer Wimberley and Officer Giltner have failed to show that Ruiz failed to exhaust his administrative remedies as required by the PLRA.

**Conclusion**

Defendants Officer Wimberley's and Officer Giltner's motion for summary judgment, dkt. [28], is **denied**.

**Rule 56(f) Notice and Further Proceedings**

The current record before the Court shows that the Ruiz is entitled to summary judgment on Defendants' affirmative defense of exhaustion. Therefore, pursuant to Rule 56(f)(1), the Court gives Defendants notice of its intent to grant summary judgment in plaintiff Alan Ruiz's favor on this issue only. Defendants shall have **through November 3, 2017**, in which to respond to the Court's proposal. Alternatively, defendants may withdraw their affirmative defense by this date and a pretrial schedule will enter directing the further progress of this action.

**SO ORDERED**.

Date: 10/13/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Alan Josue Ruiz
1200 N.W. 43rd Street
Miami, FL 33142

Electronically Registered Counsel