UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| ALAN JOSUE RUIZ, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:16-cv-00204-TWP-DML |
| BEN DOOLEY; OFFICER C. WIMBERLEY; OFFICER CHRIS GILTNER, | ) |
| Defendants. | ) |

**Entry Denying Plaintiff's Motions for Appointed Counsel**

This matter is before the Court on Plaintiff Alan Josue Ruiz's motions for counsel, dkt. [49] and dkt. [52]. For the reasons explained below, the motions are denied without prejudice.

Pursuant to 28 U.S.C. § 1915(e)(1), courts are empowered only to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). The Court does not have enough lawyers willing and qualified to accept a *pro bono* assignment in every *pro se* case. For example, during the 12-Month Period Ending September 30, 2016, there were 1,785 civil cases filed *pro se* compared with 2,348 non-*pro se* cases in the Southern District of Indiana.[1] As a result, this Court has no choice but to limit appointment of counsel to those cases in which it is clear under the applicable legal test that a plaintiff must have the assistance of a lawyer. "When confronted with a request . . . for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-655 (7th Cir. 2007).

---

[1] During the 12-Month Period Ending September 30, 2015, there were more civil cases filed pro se (1,463) than non-pro se cases (1,414) in the Southern District of Indiana.

Plaintiff is making reasonable attempts to recruit counsel on his own. At this stage of the litigation, plaintiff has adequately presented his claims for relief and successfully opposed summary judgment on a failure to exhaust administrative remedies basis. He is capable of writing coherently and understanding Court directives. The case is just entering the discovery phase, where complex legal issues are unlikely to arise. Additionally, plaintiff is no longer incarcerated and reports that he is on medications that are helping his mental conditions.

In determining whether the Court should assist in recruitment of counsel, the question is not whether an attorney would help plaintiff's case, but whether, given the difficulty of the case, plaintiff seems competent to litigate it himself. *Id.* at 653-655. Based on the observations made above, the Court determines that plaintiff is presently competent to litigate this case himself.

Accordingly, Plaintiff's motions for counsel, dkt. [49] and dkt. [52], are **denied without prejudice**. The Court may consider a later request for assistance in recruiting counsel when the fact and legal issues are better focused. In the interim plaintiff is encouraged to continue his efforts to recruit counsel on his own.

**IT IS SO ORDERED**.

Date: 11/7/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

Alan Josue Ruiz
1200 NW 43rd Street
Miami, FL 33142